UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MCAREAVEY,

    Plaintiff,
v.                                              CASE NO. 8:23-cv-48-CEH-SPF

SFM, LLC, and UNKNOWN
STORE MANAGER,

    Defendants.
_____/

## ORDER

Before the Court is Defendant SFM, LLC's Motion to Compel Plaintiff's Deposition, for Associated Sanctions, for Protective Order, and to Resolve Objections to Plaintiff's Notice of Taking Videoconference Deposition Duces Tecum of Defendant's FRCP 30(b)(6) Corporate Representative (Doc. 24). Plaintiff has not responded to the motion, and the time to do so has expired. *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service or the motion is subject to treatment as unopposed). Therefore, the motion is deemed unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed). For the reasons stated below, and considering Plaintiff's lack of opposition, Defendant's Motion is **GRANTED IN PART**.

    **I.**    **Background**

On March 21, 2023, after a hearing on Defendant SFM, LLC's Motion to Compel Plaintiff's Deposition (Doc. 13), this Court entered an Order directing Plaintiff to make herself available for a deposition to occur in May 2023 (Doc. 20). Now, Defendant represents that

Plaintiff's counsel confirmed his availability for May 25, 2023, but conditioned the deposition on Defendant making its corporate representative and employees with knowledge of the incident available on the same date for depositions (Doc. 24 at 2–3). On March 27, 2023, Defendant noticed Plaintiff's deposition for May 25, 2023, consistent with counsel's representation, but Plaintiff's counsel has since represented that the deposition "is not going forward as scheduled" and that he is not available on this date (*See generally* Docs. 24-1, 24-2). Despite the foregoing, on April 10, 2023, Plaintiff's counsel unilaterally noticed the deposition of Defendant's corporate representative to occur on May 25, 2023.

## II.    Motion to Compel Plaintiff's Deposition and for Associated Sanctions

Defendant asks the Court to enter an order compelling Plaintiff's deposition to occur on May 25, 2023, consistent with this Court's previous order (Doc. 20). Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D.

Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)). Considering this Court's previous order directing Plaintiff to make herself available for deposition in May 2023 and the representations of Plaintiff's counsel, the Court finds that Defendant's motion to compel Plaintiff's deposition to take place on May 25, 2023, as noticed, should be granted.

    a. <u>Sanctions</u>

Defendant also asks the Court to impose sanctions against Plaintiff's counsel. Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).[1] The Court must not order payment of attorney's fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th

---

[1] An "opportunity to be heard" in this context includes written submissions. *See* Fed. R. Civ. P. 37(a) advisory committee's note to 1993 amendment (stating that "the phrase 'opportunity for hearing' is changed to 'after affording an opportunity to be heard' to make clear that the court can consider such questions on written submissions as well as on oral hearings"); *see also Inland Assets, LLC v. Bank of NY Mellon*, No. 6:21-cv-443-LRH, 2021 WL 2828263, at *2 (M.D. Fla. May 10, 2021) ("Plaintiff has had an opportunity to respond, and by its silence has failed to demonstrate any reason why sanctions should not be awarded."); *Holland v. Westside Sportsbar & Lounge, Inc.*, No. 6:19-cv-945-41GJK, 2020 WL 7390722, at *1 (M.D. Fla. Mar. 25, 2020) (awarding attorney's fees where Defendant failed to respond to Plaintiff's motion to compel).

Cir. 2009). "The burden of establishing substantial justification is on the party being sanctioned." *Sigurdsson v. DiCarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 WL 5954740, at *2 (M.D. Fla. Nov. 7, 2013). Strict adherence to Rule 37 serves to thwart "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). As such, "sanctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Here, the Court finds that Defendant is entitled to an award of attorney's fees incurred in preparing the Motion to Compel. Defendant attempted in good faith to resolve the issues raised in the Motion prior to filing. Plaintiff's actions were not substantially justified. Indeed, by failing to respond to Defendant's Motion, Plaintiff could not have met her burden of establishing substantial justification. Finally, there are no circumstances present that would make an award of expenses unjust. Plaintiff had an opportunity to be heard and chose not to file a response to Defendant's motion. Pursuant to Rule 37(a)(5)(A), Plaintiff's counsel shall pay the reasonable costs and attorney's fees incurred by Defendant SFM, LLC in preparing its motion (Doc. 24).

### III. Motion for Protective Order

Defendant also requests a protective order as to the unilaterally noticed Rule 30(b)(6) deposition of its corporate representative. Upon consideration, the Court finds that the deposition of Defendant's corporate representative should be stayed pending resolution of

4

Defendant's objections to Plaintiff's Notice of Taking Rule 30(b)(6) Video Deposition Duces Tecum (Doc. 24-5).

### IV. Motion to Resolve Objections to Plaintiff's Notice of Taking Videoconference Deposition Duces Tecum of Defendant's FRCP 30(b)(6) Corporate Representative

Finally, Defendant requests that the Court sustain its objections to Plaintiff's Notice of Taking Rule 30(b)(6) Video Deposition Duces Tecum (Doc. 24-5). The Court will set a hearing on this issue by separate notice. The Court directs the parties to confer in good faith on Defendant's objections to Plaintiff's Notice before the hearing. Such conferral shall be via videoconference. The Court cautions the parties that failure to comply with this Order and confer in good faith may result in sanctions pursuant to Rule 37(b) and/or a finding of civil contempt. The Court also reminds the parties that "Discovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2021) at Section I.A.1.

Accordingly, it is hereby **ORDERED**:

(1) Defendant SFM, LLC's Motion to Compel Plaintiff's Deposition, for Associated Sanctions, for Protective Order, and to Resolve Objections to Plaintiff's Notice of Taking Videoconference Deposition Duces Tecum of Defendant's FRCP 30(b)(6) Corporate Representative (Doc. 24) is **GRANTED IN PART**, as follows:

   a. Plaintiff's deposition shall proceed on May 25, 2023, as noticed by Defendant SFM, LLC;

   b. Defendant's request for sanctions is granted to the extent that Plaintiff's counsel shall pay the reasonable costs and attorney's fees incurred by Defendant SFM, LLC in preparing its Motion to Compel Plaintiff's

      Deposition, for Associated Sanctions, for Protective Order, and to Resolve Objections to Plaintiff's Notice of Taking Videoconference Deposition Duces Tecum of Defendant's FRCP 30(b)(6) Corporate Representative (Doc. 24);

c. No further sanctions will be ordered at this time;

d. The deposition of Defendant SFM, LLC's corporate representative is stayed pending resolution of its objections to Plaintiff's Notice of Taking Rule 30(b)(6) Video Deposition Duces Tecum (Doc. 24-5);

e. The Court will separately set a hearing on Defendant SFM, LLC's objections to Plaintiff's Notice of Taking Rule 30(b)(6) Video Deposition Duces Tecum (Doc. 24-5); and

f. At least three days before the hearing on Plaintiff's Notice of Taking Rule 30(b)(6) Video Deposition Duces Tecum (Doc. 24-5), the parties shall confer in good faith, via videoconference, in an effort to resolve and narrow Defendant's objections.

**ORDERED** in Tampa, Florida on May 16, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE