UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MCAREAVEY,

    Plaintiff,

v.                                                           Case No: 8:23-cv-48-CEH-SPF

SFM, LLC and UNKNOWN STORE
MANAGER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Plaintiff's Amended Motion to Remand (Doc. 11) and Plaintiff's Motion to Amend Complaint (Doc. 30). In the motion to amend, Plaintiff requests the Court grant her leave to file a Second Amended Complaint to specifically name Michael Lomonaco, the Sprouts store manager, as a party defendant. In the motion to remand, Plaintiff argues that given the store manager's non-diverse status as a Florida citizen, diversity is lacking and remand is warranted. Defendant opposes both motions. Docs. 14, 42. Defendant argues that Plaintiff seeks to join Lomonaco for the sole purpose of defeating diversity jurisdiction. The Court, having considered the motions and being fully advised in the premises, will grant Plaintiff's Motion to Amend Complaint and Plaintiff's Motion to Remand.

**I.    BACKGROUND**

On December 27, 2022, Danielle McAreavey ("Plaintiff") filed an action in state court against Defendant SFM, LLC, d/b/a Sprouts Farmers Market ("Sprouts")

and its store manager, Defendant "Unknown Store Manager." Doc. 1-1. Plaintiff asserts negligence claims against both Sprouts and its store manager for allowing a dangerous condition to exist on the store floor resulting in Plaintiff's injury. *Id.* ¶¶ 8, 9, 12, 17. Count II of Plaintiff's Complaint alleges active negligence on the part of Sprouts' manager. Specifically, Plaintiff alleges the store manager was in control of the subject premises and owed a duty of reasonable care to maintain the premises, including to exercise reasonable care to keep the premises free from dangerous conditions and to inspect the premises at reasonable periodic intervals. *Id.* ¶¶ 17, 18; *see also* Doc. 30-1 ¶¶ 17, 18. Sprouts removed the case to this Court on January 6, 2023, seeking to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.

After removal, Sprouts disclosed that Michael Lomonaco was the Sprouts' store manager at the time of Plaintiff's fall. Doc. 30 ¶ 3. Plaintiff moves to amend her Complaint to name specifically Lomonaco as a party Defendant (Doc. 30) and moves to remand given the lack of diversity because the Sprouts' manager is a Florida citizen, like Plaintiff (Doc. 11). Sprouts has responded in opposition, arguing the store manager was joined solely to destroy diversity and because the manager did not actively participate in bringing about Plaintiff's incident. Docs. 14, 42.

## II.    LEGAL STANDARD

When a party seeks to amend his complaint to add a non-diverse defendant after a case has been removed, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In such situations where a Plaintiff names a new non-diverse defendant in a removed case, courts should closely scrutinize

2

the pleading using the *Hensgens*[1] factors. *See Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (applying the *Hensgens* factors). In *Hensgens*, the court stated as follows:

> [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). If after balancing these factors a court finds amendment proper, the court must remand to the state court. *Id.*; 28 U.S.C. § 1447(e).

## III. DISCUSSION

Plaintiff, a Florida citizen, seeks leave to amend her complaint to name Michael Lomonaco as a party defendant. In her initial Complaint, Plaintiff sued the store manager as a fictitious party, "Unknown Store Manager." When determining whether a civil action is removable on the basis of diversity jurisdiction under section 1332(a), the citizenship of fictitious-named defendants must be disregarded. 28 U.S.C. § 1441(b). Having now identified Lomonaco, however, Plaintiff seeks leave to amend her complaint to specifically name Lomonaco. Because the addition of Lomonaco will destroy diversity due to his Florida citizenship, Plaintiff submits that her motion to

---

[1] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

remand should be granted. In its response to the motion to amend, Sprouts argues that granting amendment and remand would be improper because joinder of Lomonaco was fraudulent.

Relevant here, a removing party seeking to show fraudulent joinder must show by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). As noted by the Eleventh Circuit, this burden is a "heavy one." *Stillwell*, 663 F.3d at 1332. On the facts before the Court, Defendant fails to satisfy this heavy burden. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

Sprouts argues that a store manager may not be held individually liable unless he or she participates in the tortious conduct. Doc. 42 at 8. Sprouts cites to a Declaration of Lomonaco to support its argument. However, no Declaration is attached to the response. It is removing Defendant's burden to show joinder is fraudulent, and Sprouts fails to do so here. Even if the Court were to consider the statements Sprouts represents are contained in the Declaration, questions of fact must still be resolved in plaintiff's favor.

Sprouts claims that the purpose of Plaintiff's amendment was to defeat federal jurisdiction and that Plaintiff will not be significantly injured if amendment is prohibited. Sprouts submits that Plaintiff may still sue Lomonaco in state court. After considering the *Hensgens* factors, as discussed below, the Court finds Plaintiff's amendment appropriate under Fed. R. Civ. P. 15(a). Accordingly, the Court will grant

Plaintiff's Motion to Amend. With the amendment of the complaint to include the non-diverse Lomonaco, subject matter jurisdiction ceases to exist.

The Court first considers the extent that Plaintiff's amendment is sought to defeat federal jurisdiction. In the initial complaint filed in state court, Plaintiff sued defendant "Unknown Store Manager," Sprouts store manager, clearly signaling—prior to removal—the intent to pursue a claim against the non-diverse defendant. As stated by Plaintiff, the identity of the manager was only recently disclosed by Sprouts. This is not a situation in which Plaintiff sought to add the non-diverse manager only after the case was removed. Rather, Plaintiff from her initial pleading intended to sue the store manager. *See* Doc. 1-7 at 4. Therefore, the Court finds that Plaintiff has not sought amendment for the purpose of defeating federal jurisdiction. *See Nelson v. Bos. Mkt. Corp.*, No. 8:16-cv-3355-SCB-TBM, 2017 WL 393870 at *2 (M.D. Fla. Jan. 30, 2017) (finding the same on similar facts); *Johnson v. Lincoln Harris, LLC*, No. 1:15-cv-3979-WSD, 2016 WL 2733425 (N.D. Ga. May 10, 2016) (same); *Sharp v. Wal–Mart Stores, Inc.*, No. 06-0817-WS-C, 2007 WL 215644 (S.D. Ala. Jan. 25, 2007) (same).

Defendant further argues that there is no evidence of active negligence on the part of Lomonaco to give rise to individual liability. In Florida, "the law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). But, "to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached

5

through personal (as opposed to technical or vicarious) fault." *Id.*; *see also Vesta Const. & Design, L.L.C. v. Lotspeich & Assoc., Inc.*, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) ("A corporate officer or employee is not liable for the torts of the company simply because of the person's position with the company."). Here, Plaintiff has alleged active, as opposed to merely vicarious or derivative, negligence on the part of Lomonaco, and thus Plaintiff has stated a plausible claim against Lomonaco. *See Coker v. Amoco Oil Co.*, 709 F. 2d 1433, 1440–41 (11th Cir. 1983) (to defeat remand, removing party must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant"). Accordingly, the Court finds that adding Lomonaco as a named Defendant is not being done solely for the purpose of destroying diversity.

Next, the Court considers whether Plaintiff has been dilatory in seeking amendment. Plaintiff, at the time of filing the complaint in state court, had not yet learned the name of Sprouts' store manager. As noted above, Defendant failed to disclose the name prior to removal. Plaintiff's motion to amend states that Sprouts disclosed the store manager's name only recently. Doc. 30 ¶ 3. Nothing in Defendant's response reflects that Plaintiff should have known the name earlier or was dilatory in moving to add Lomonaco as a Defendant. The Court finds that Plaintiff has not been dilatory in seeking to amend.

The next factor the Court considers is whether Plaintiff will be significantly injured if amendment is not allowed. If Plaintiff's Motion to Amend is denied, Plaintiff will be forced to pursue her claim against Sprouts' store manager in state court. While

6

parallel proceedings may be consequences of post-removal motions to amend to add non-adverse parties, this Court has previously recognized that "parallel lawsuits are hardly conducive to judicial economy and efficiency." *Castelli v. Target Corp.*, No. 8:19-cv-01206-CEH-AAS, 2019 U.S. Dist. LEXIS 229013 at *18 (M.D. Fla. Nov. 12, 2019). Therefore, the Court finds that Plaintiff will be prejudiced if required to pursue her claims in two different courts. *See Nelson*, 2017 WL 393870 at *2 (finding the same on similar facts); *Castelli*, 2019 U.S. Dist. LEXIS 229013 at *18 (same).

For the foregoing reasons, the Court concludes that the *Hensgens* factors weigh in favor of allowing Plaintiff to amend. The Plaintiff's Motion to Amend is due to be granted. With Lomonaco added as a party Defendant, jurisdiction is lacking. Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Amend Complaint (Doc. 30) is **GRANTED**.

2. The Clerk shall docket the Second Amended Complaint at Doc. 30-1 as a separate docket entry.

3.	Plaintiff's Amended Motion to Remand (Doc. 11) is **GRANTED** for lack of subject matter jurisdiction.

4.	This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

5.	The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pinellas County, Florida.

6.	The Clerk is further directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on June 30, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any